IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

TSEGAYE ADDISU,

           Plaintiff,

    v.

OREGON WORKER COM,

           Defendant.

No. 3:23-cv-01610-HZ

OPINION & ORDER

Tsegaye Addisu
5025 Ne 8th Ave #8
Portland, OR 97211

    *Pro se*

HERNÁNDEZ, District Judge:

    Pro se Plaintiff Tsegaye Addisu brings this action against Oregon Worker Com. Plaintiff moves to proceed in forma pauperis ("IFP"). ECF 2. Because Plaintiff has minimal income and assets, the Court grants the motion. However, for the reasons explained below, the Court dismisses the Complaint without prejudice. The Court also declines to appoint counsel.

1 – OPINION & ORDER

**STANDARDS**

A complaint filed *in forma pauperis* may be dismissed at any time, including before service of process, if the court determines that:

> (B) the action or appeal–
>
>   (i) is frivolous or malicious;
>
>   (ii) fails to state a claim on which relief may be granted; or
>
>   (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2); *see also* Neitzke v. Williams, 490 U.S. 319, 324 (1989) (*sua sponte* dismissals under section 1915 "spare prospective defendants the inconvenience and expense of answering" complaints which are "frivolous, malicious, or repetitive"); Lopez v. Smith, 203 F.3d 1122, 1126 n.7 (9th Cir. 2000) (section 1915(e) applies to all *in forma pauperis* complaints, not just those filed by inmates). A complaint is frivolous where it "lacks an arguable basis either in law or in fact." Neitzke, 490 U.S. at 325; Jackson v. State of Ariz., 885 F.2d 639, 640 (9th Cir. 1989). A complaint fails to state a claim when it does not contain sufficient factual matter which, when accepted as true, gives rise to a plausible inference that defendants violated plaintiff's constitutional rights. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 556-57 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678.

As the Ninth Circuit has instructed, however, courts must "continue to construe *pro se* filings liberally." Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010). A pro se complaint "'must be held to less stringent standards than formal pleadings drafted by lawyers.'" Id. (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam)). A pro se litigant will be given leave to

amend his or her complaint unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *Lopez*, 203 F.3d at 1130-31.

## DISCUSSION

Plaintiff's Complaint must be dismissed because it fails to state a claim for relief and fails to allege facts establishing subject matter jurisdiction. For the statement of the claim, Plaintiff writes, "They told my doctor and my therapy to stop treating me. They left me with a pain up to this moment." Compl. 4. Plaintiff seeks damages of $2 million for ongoing pain, alleging that Defendant is "violating my right to get my doctor and my therapy." *Id.* It appears to the Court that Plaintiff may be challenging a decision about Oregon workers' compensation coverage, but the statement of the claim is too vague for the Court to determine the basis of the claim. Plaintiff does not explain why treatment was needed or why Defendant ordered that the treatment be stopped. Plaintiff may be able to state a claim with more facts.

The Complaint also fails to establish that the Court has subject matter jurisdiction over this case. "Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). The party asserting jurisdiction bears the burden of proving that the court has subject matter jurisdiction over his or her claims. *Id.* In general, subject matter jurisdiction is based on either diversity of citizenship between the parties or a federal question. 28 U.S.C. §§ 1331, 1332. District courts have jurisdiction over civil cases in which the amount in controversy exceeds $75,000 and the plaintiff and defendant are citizens of different states. 28 U.S.C. § 1332(a)(1). District courts also have jurisdiction over civil cases in which the plaintiff's claims "aris[e] under the Constitution, laws, or treaties of the United States." *Id.* § 1331; *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152 (1908).

3 – OPINION & ORDER

District courts may raise the question of subject matter jurisdiction at any time while the case is pending. *Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). If the district court dismisses a case for lack of subject matter jurisdiction, it should dismiss without prejudice and give the plaintiff leave to refile the case in state court. *Jones v. Oregon Health & Scis. Univ.*, No. 3:21-CV-01342-SB, 2021 WL 5173360, at *2 (D. Or. Oct. 19, 2021), *findings and recommendation adopted*, No. 3:21-CV-01342-SB, 2021 WL 5166753 (D. Or. Nov. 5, 2021).

The Complaint does not indicate whether the basis of federal jurisdiction is a federal question or diversity of citizenship. Compl. 3. Nor did Plaintiff indicate the basis of federal jurisdiction in the Civil Cover Sheet. *Id.* Ex. 1. The limited information in the Complaint does not establish subject matter jurisdiction. Plaintiff's state of citizenship is Oregon. Compl. 3. Although no address or state of citizenship is listed for Defendant, it appears that Defendant is an Oregon entity. Plaintiff has not alleged facts showing that the Court has diversity jurisdiction over this case. Nor has Plaintiff alleged facts showing that the claim arises under federal law. It appears that Plaintiff is challenging an Oregon agency's decision about medical treatment. Plaintiff has not identified any basis for such a claim under federal law.

In sum, the Complaint must be dismissed because it fails to state a claim for relief and fails to establish federal subject matter jurisdiction. The Court will give Plaintiff leave to amend the Complaint to cure these defects. Alternatively, if there is no basis for subject matter jurisdiction, Plaintiff may choose not to file an amended complaint with this Court and instead to file a complaint in state court.

4 – OPINION & ORDER

Finally, Plaintiff moves for appointment of counsel. ECF 3. There is no constitutional right to counsel in a civil case. *United States v. 30.64 Acres of Land*, 795 F.2d 796, 801 (9th Cir. 1986). Although the Court has discretion to request volunteer counsel under 28 U.S.C. § 1915, there must be exceptional circumstances. *Wood v. Houseright*, 900 F.2d 1332, 1335 (9th Cir. 1990); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). To determine whether exceptional circumstances exist, the Court evaluates the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his or her claim pro se in light of the complexity of the legal issues involved. *Wood*, 900 F.2d at 1335-36; *Wilborn*, 789 F.2d at 1331. The Court declines to request volunteer counsel at this time. Plaintiff has not shown exceptional circumstances. Further, it is unclear whether the Court has the authority to preside over this case. Should the case proceed in federal court, Plaintiff may renew the motion for appointment of counsel at a later stage of the case.

## CONCLUSION

The Court GRANTS Plaintiff's application for leave to proceed IFP [2]. Plaintiff's Complaint [1] is dismissed with leave to amend. Plaintiff may file an amended complaint, curing deficiencies noted above, within 30 days of this Opinion & Order. If Plaintiff does not file an amended complaint, the Court will dismiss this case without prejudice so that Plaintiff may refile the case in state court. The Court DENIES Plaintiff's Motion for Appointment of Counsel [3].

IT IS SO ORDERED.

DATED:___December 5, 2023___.

_____
MARCO A. HERNANDEZ
United States District Judge